
Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 2/23/2022



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE:<br>Earl L. Lusk, Jr and,<br>Bathsheba L. Lusk,<br>    Debtors. | Case No. 3:21-bk-02676<br>Chapter 7<br>Judge Randal S. Mashburn |
| Eva M. Lemeh, Trustee,<br>    Plaintiff, | |
| vs. | Adv. Proc. No. 3:21-ap-90169 |
| Village Capital & Investment, LLC<br>    Defendant. | |

## ORDER REGARDING MOTION FOR DEFAULT JUDGMENT AND RESCHEDULING HEARING FOR MARCH 16, 2022

This matter is before the Court on Plaintiff Eva M. Lemeh, Trustee's Motion for Default Judgment (the "Motion"). Defendant Village Capital & Investment, LLC filed a Response in opposition to the Motion, and the Court conducted a hearing on February 22, 2022, at which counsel for both parties appeared and argued.

Based on the Court's review of the Complaint, the Motion, the Response, and arguments of counsel at the hearing, the Court finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) the Defendant, through its agent for service of process, was served with the Summons and Complaint, although the Defendant denies that the Summons and Complaint were forwarded to the appropriate persons within the Defendant's organization; (c) the Defendant has failed timely to file an answer or other responsive pleading in accordance with Rule 7012 of the Federal Rules of Bankruptcy Procedure; (d) the Clerk of the Court entered a default at Doc. 7, and the Defendant has made no effort to set aside the entry of default; and (e) the Defendant has not proffered any

proposed answer to the Complaint on the merits.

Based on the circumstances described above, the Court at the hearing indicated its intention to grant the motion for default judgment. However, after reviewing the allegations in the Complaint more closely and the proposed order granting default judgment, the Court has determined that a further hearing is necessary. It appears that the only stated basis for relief in the Complaint is tied to the alleged unauthorized post-petition transfer of an interest in property pursuant to 11 U.S.C. §§ 549 and 550. Based on the facts stipulated at the hearing, the actual transfer, via the granting of a lien, occurred pre-petition, but it was the perfection of the lien that occurred post-petition. That situation may give rise to grounds to avoid the lien pursuant to 11 U.S.C. § 544, but it is unclear how 11 U.S.C. §549 would apply. The Court's normal approach to default judgments is to grant such relief, even in the absence of a responsive pleading, only if there is a clear basis in the law to grant the relief sought. Upon further review after the hearing, that is not clear in this matter, at least without allowing further argument and/or briefing of the issue.

While the Court is going to defer entry of an order granting default judgment, it encourages the parties to carefully review their options and consider some resolution short of further litigation. If § 549 does not provide the relief requested, the potential deficiency in the Complaint could presumaby be remedied by an amendment, which the Court would freely allow. If there is ultimately no meritorious defense to be raised by the Defendant in connection with its failure to timely perfect its lien, it may be that the end result will be the same for the Defendant in light of the strong-arm powers of the Trustee.

The Court also notes that the relief sought in the motion for default judgment does not appear to make a distinction between the lien on the debtors' interest in the property and the lien on the non-debtor's interest. It is unclear how the lien could be avoided as to any interest other than the interest actually granted by the debtors.

In short, the Court has determined that there are several issues that need to

be addressed before an order can be entered granting default judgment.

The Court already has a pretrial conference scheduled in a related adversary proceeding affecting this same property (Adv. Proc. 21-90156). The Court is therefore going to conduct a further hearing on this matter in conjunction with the pretrial conference in the other adversary proceeding. That hearing will be held telephonically at **1:45 p.m. on March 16, 2022**. The call-in information is: **833-568-8864 and the meeting ID is 161 2444 4713**. Any additional motions or briefs addressing the concerns raised in this Order should be filed no later than March 11, 2022.

IT IS SO ORDERED.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.