IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:21-bk-02676 |
| EARL L. LUSK, JR. and ) | Chapter 7 |
| BATHSHEBA L. LUSK, ) | Judge Mashburn |
|     Debtors. ) | |
| ) | |
| EVA M. LEMEH, TRUSTEE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 3:21-ap-90169 |
| ) | |
| VILLAGE CAPITAL & INVESTMENT, ) | |
| LLC, ) | |
|     Defendant. ) | |
| ) | |
| ) | |

AMENDED COMPLAINT TO AVOID LIEN PURSUANT TO 11 U.S.C. §549

Plaintiff, Eva M. Lemeh, chapter 7 trustee herein ("Trustee"), alleges upon knowledge as to herself and her acts, and upon information and belief as to all other matters, as follows as her Amended Complaint against Village Capital & Investment, LLC (the "Defendant"):

Jurisdiction, Venue and Parties

1. This adversary proceeding is brought pursuant to, and under, Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to seek relief in accordance with sections 544, 549, 550 and 551 of title 11 of the United States Code, 11 U.S.C. § 101-1330 (the "Bankruptcy Code").

2. The Court has jurisdiction over this subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding as to which the Court may enter final judgment under 28 U.S.C. §§ 157(b)(2)(E), (F) and (O).

3. Venue of this action is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. Eva M. Lemeh, a resident of Tennessee serving as court-appointed chapter 7 trustee in this matter, is Plaintiff in this adversary proceeding.

5. Village Capital & Investment, LLC is a Delaware LLC which may be served process via its Registered Agent, National Registered Agents, Inc., 300 Montvue Road, Knoxville, TN 37919-5546.

## Procedural Background

6. On August 31, 2021 (the "Petition Date"), Earl L. Lusk, Jr. and Bathsheba L. Lusk ("the "Debtors") filed a voluntary petition in this Court under chapter 7 of the Bankruptcy Code.

7. Eva M. Lemeh was appointed as chapter 7 trustee in this matter on August 31, 2021

## FACTS

8. On or about August 17, 2021 (the "Loan Date"), the Defendant loaned the Debtors approximately $291,506.00 (the "Funds") secured by an interest in certain real property owned by the Debtors and located at 1036 Barrow Court, Murfreesboro, Tennessee (the "Property").

9. On November 29, 2021, one hundred and four (104) days following the Loan Date and ninety (90) days following the Petition Date, a lien (the "Lien") was recorded on the Property in favor of the Defendant.

10. The recordation of the Lien against the Property created a lien in favor of the Defendant subsequent to the Petition Date. The Lien constitutes a transfer of an interest of the debtors in property that was made to or for the benefit of the Defendant. The Defendant did not seek, nor was it granted, authority by the Court to note the Lien on the title to the Vehicle.

11. The Lien was a transfer of interest of property of the Debtor.

12. The Lien was a transfer to or for the benefit of the Defendant.

13. The Lien was a transfer for or on account of antecedent debt owed by the Debtor before such transfer was made.

14. The Lien was perfected after the Petition Date and was not authorized by the Bankruptcy Code or this Court.

15. The Property is property of this bankruptcy estate and, without the Lien, may be sold for the benefit of the creditors of this estate.

CLAIM: UNAUTHORIZED POSTPETITION TRANSFER PURSUANT TO 11 U.S.C. § 549

16. The Trustee incorporates herein each of the allegations contained in Paragraphs 1 through 15 of this Complaint.

17. The Lien is an avoidable unauthorized postpetition transfer pursuant to section 549 of the Bankruptcy Code and the Trustee may recover the value of the Property or avoid the Lien pursuant to an order of this Court and section 550 of the Bankruptcy Code.

CLAIM: TRUSTEE'S SUPERIOR LIEN PURSUANT TO 11 U.S.C. § 544

18. The Trustee incorporates herein each of the allegations contained in Paragraphs 1 through 17 of this Complaint.

19. As of the Petition Date, the Trustee had a first priority lien as to the Property pursuant to 11 U.S.C. § 544(a). That lien is superior to the Lien of Village Capital recorded on November 29, 2021.

20. Furthermore, the Trustee is entitled to avoid the Lien of Village Capital pursuant to 11 U.S.C. § 544(b).

WHEREFORE, the Trustee requests that the Court enter judgment (i) avoiding the Lien pursuant to section 549 of the Bankruptcy Code; (ii) finding that the Trustee's lien pursuant to 11 U.S.C. § 544 is superior to the Lien; (iii) setting aside the Lien pursuant to 11 U.S.C. § 544, and

preserving the Lien for the benefit of the estate pursuant to 11 U.S.C. § 551; and (iv) granting such other and further relief, at law or in equity, as is appropriate under the circumstances.

RESPECTFULLY SUBMITTED:

/s/ Phillip G. Young , Jr.
Phillip G. Young, Jr.
Thompson Burton, PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
615-465-6008
phillip@thompsonburton.com

Counsel for the Trustee